EMILY J. BAILEY *et al.*

*v.*

LEVI EDMUNDS.

SPECIFIC PERFORMANCE.  In this case, being a suit in chancery to compel the specific performance of an alleged verbal agreement, according to which the defendant undertook to convey to one of the complainants a certain tract of land, the proofs are not regarded of such clear and satisfactory character as to call for the decree sought by the bill.

APPEAL from the Circuit Court of Bond county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. G. VAN HOOREBEKE, for the appellants.

Mr. W. H. GRAY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity to enforce the specific performance of an alleged verbal agreement made by a father, the defendant, to convey to his daughter, Emily J. Bailey, one of

the complainants, the lands described in the bill, comprising some 190 acres, if she and her husband, George S. Bailey, the other complainant, would go upon the said lands and improve the same.

The complainants entered upon a portion of the lands, in pursuance of such alleged agreement, as they claim, on the second day of April, 1863, and have ever since remained in possession, the said George S. having expended, according to his own testimony, the sum of $1162 in making improvements on the land.

The complainants testify to the making of the alleged agreement. The defendant wholly denies it in his testimony.

Aside from the testimony of the complainants, there is no evidence of the alleged contract, save statements of the defendant, testified to by quite a large number of witnesses in different casual conversations had with him, to the effect that he had given, or intended to give, or that he had conveyed, or would convey, to his daughter the land on which she lived.

On the other hand, there was proof coming from several witnesses of statements of George S. Bailey, one of the complainants, made at different times, that he had rented the land.

Sundry facts appear in the proofs which make against the case set up on the part of the complainants.

After the complainants went upon the premises, the defendant himself made improvements upon them to quite an extent at different times.

He has paid all the taxes upon the lands since, amounting to some $388.

About two years after complainants went into possession, the defendant executed a mortgage to one Sharp on eighty acres of the land in question, and another eighty acres, to secure the payment of the sum of $1400; and although known to the complainants, the record does not disclose that they ever made any objection thereto.

Three other of the defendant's children, two sons and a daughter, likewise lived upon other and different portions of defendant's lands, and made improvements upon them, to neither one of whom had the defendant made any promise to convey the land they respectively occupied.

It would be somewhat singular that such a promise should have been made to complainant Emily J. Bailey alone of his children so living upon his lands, and to convey, too, lands of so large a quantity.

In 1867, defendant had his will drawn in the presence of complainants and other children of the defendant. The will was read over in the presence of complainants, and seemed to be satisfactory to them; no objection was made. The said George S. Bailey was made executor in the will.

This will gave to Emily J. Bailey only 120 or 130 acres of land, instead of 190 acres, which complainants claim under the alleged contract. It gave only one eighty of the quarter section on which complainants lived, and which they claim in the bill, and only eighty acres of all the lands described and claimed in the bill; and the land was devised to Emily J. Bailey during her natural life, remainder to her children.

This will was afterwards destroyed by the defendant in 1869.

In 1868, defendant had an interview with the complainants, for the purpose of ascertaining whether they were willing to remove to Missouri with him. He remarked that he had an opportunity to purchase a large tract of land there, where he could fix his children in a better shape, and that he would sell all his lands and remove thither, provided all his children would go with him. George S. Bailey said that he would not go to Missouri; that if he went away from Illinois, he would go to Nebraska, and remarked in reference to the land he was living on (as testified to by a seemingly disinterested witness), to sell the land, that he would as soon rent from any man as from defendant.

The improvements made by complainants, though considerable, were less than the rental value of the premises.

Upon consideration of all the proofs, we can not say that they are of such a clear and satisfactory character as to call for a decree of specific performance, and that there was error in the decree of the court below dismissing the bill.

The decree of the court below dismissing the bill is affirmed.

*Decree affirmed.*